[No. 4366.   Decided February 18, 1903.]

A. E. WILSON, *Respondent,* v. NORTHERN PACIFIC RAIL-WAY COMPANY *et al., Appellants.*

MASTER AND SERVANT — NEGLIGENCE — FAILURE TO WARN OF HIDDEN DANGERS.

Injury to a section hand as the result of a heavy boulder being thrown down by another section hand getting out rock from a sandy bluff above for riprap work is chargeable to the negligence of a fellow servant instead of the master, where the section foreman had ordered rocks to be thrown down suitable for a certain class of riprap work, and an inspection of the side of the bluff had shown the rocks to be of apparently small size, and the boulder causing the damage, although unsuitable by reason of size and shape, had been dug up where it lay imbedded and half concealed in the sand and then thrown down without warning, the foreman having no other or better means of knowledge of the dangers of the work than the section hand himself.

Appeal from Superior Court, Spokane County.—Hon. LEANDER H. PRATHER, Judge.   Reversed.

*Stephens & Bunn,* for appellants.

*A. H. Kenyon,* for respondent.

The opinion of the court was delivered by

MOUNT, J.—Action for personal injuries. The plaintiff was employed as a section man by the Northern Pacific Railway Company. He was in charge of defendant Ostrand, who was foreman of the "section gang." It was the duty of the defendant Ostrand and the men under him to keep a section of the defendant's railway track in repair. On the 27th day of February, 1901, there was danger of water washing out a portion of the railway track at a point west of Spokane along a high sand hill. At this point the railway was graded along the side of the hill, the grade being about thirty feet wide. Above and below the grade the hill was quite steep, but was open and in plain view, and was composed principally of sand, with a few small rocks scattered over the surface. The defendant Ostrand, on the day above named, took the plaintiff and four other men to the point above described to keep the water from the track. Two of the men were put to work at a point east of the place of the accident hereinafter described, and the defendant Ostrand, with the plaintiff and two other men, proceeded to the point of the accident. When they arrived there plaintiff undertook to dig a ditch between the railway track and the hill above, so as to cause the water to flow parallel with the track. The sand was loose, and washed into the ditch as fast as plaintiff could shovel it out. He thereupon undertook to make an embankment next to the side of the track nearest the hill above, and placed flat stones against the sides of this embankment to keep the water from washing the sand away. Defendant Ostrand thereupon directed two of the men to go upon the side of the hill above the plaintiff and throw stones down to him for use in riprapping by plaintiff. These men thereupon went above the plaintiff, and began throwing stones down to him,

gradually working their way up the hill as the near-by stones were all picked up. These stones, weighing from six to eight pounds, were thrown first on one side of plaintiff and then on the other. Neither plaintiff nor defendant apprehended any danger therefrom because the stones were small. No warning was given by the men when they were about to throw a stone down. Finally, one of the two men on the side of the hill dug out of the sand a large stone weighing from sixty to one hundred pounds, and started it down the hill. This stone struck plaintiff, and broke his left leg. This action was brought against the defendant railway company and Ostrand, the section foreman, jointly, for damages caused by the stone striking plaintiff as above described. Upon a trial the jury returned a verdict in favor of the plaintiff for $1,500. Defendants appealed from the judgment thereon.

A number of errors are alleged, but from the view we take of the case it is necessary to discuss but one of them. The allegations of negligence in the complaint are as follows:

"That on the 27th day of February, 1901, the plaintiff was in the employ of said defendant corporation, the Northern Pacific Railway Company, as a section hand, and on said 27th day of February, 1901, was engaged for said defendant in riprapping a small dike along the road bed belonging to said defendant corporation at a point on said railroad in the city of Spokane, and at the foot of the bluff opposite Latah Creek, in the said county of Spokane, state of Washington. That plaintiff was working at said riprapping under the immediate direction and supervision of the yard foreman of said defendant, the Northern Pacific Railway Company, viz., the defendant August Ostrand, who had general supervision and control over said work and the men employed thereat, with full power to employ and discharge said men, or any of them, and direct them in their labor for the said defen-

dant corporation; and while so engaged said yard fore-man ordered and directed other omployees to go upon the side of said bluff, and throw down and roll down stones to the dike, where plaintiff was engaged in riprapping as aforesaid. And while plaintiff was so engaged, and while the said yard foreman was standing in front of plaintiff upon said dike, and facing plaintiff and the men upon said bluff, and so directing all of them, and watching and giving warning to the plaintiff of the rolling stones so rolled and thrown down as aforesaid, one of the men upon said bluff dug out and rolled down with great velocity upon plaintiff, from a point high up on said bluff, with-out the hearing and out of the sight of plaintiff, a large stone; and the said yard foreman, then and there charged with the duty of warning plaintiff of danger from the said rolling stones, and standing in full and plain view of same and of plaintiff's danger, and having knowledge of the same, failed and refused to give warning or to notify plaintiff of said danger, though he had ample time and opportunity to do so, and although he knew that the dan-ger was unobservable by the plaintiff as he was then engaged."

The negligence here charged is that the plaintiff had no knowledge of the danger, and that the foreman, Ostrand, had knowledge of the danger, and neglected and failed to warn plaintiff thereof. The evidence of the plaintiff was the only evidence in the case upon this point, and was substantially as follows:

"I had thrown up a dike about four feet long, or five, of sand; and by the time I perhaps would get one that long and a foot high, practically the first of it that I put up would have been washed away. So I reached over to the bank or bluff and picked up a few stones and placed against the sand—small stones that would weigh six or seven pounds, principally flat ones, and laid them against the sand. And the foreman, Mr. Ostrand, says: 'That's the thing,' or 'That's the stuff,' and he says: 'Boys, get up there, and throw down some stones.' I had gum boots on, and was always in the water, and the other two men

went up on the bluff a rod or so, and commenced throwing down stones.   They would throw first to the right and then to the left of me, and I would throw up six, eight, or ten shovelfuls of sand as fast as I could, and then pick up the stone and riprap the inside of the dike to keep it from being washed away.   Mr. Ostrand at this time was standing right in front of me.   The side of the bluff was so steep it was quite hard to climb; it was as steep as the sand would remain in its natural state, so that anything round would come down with considerable force.   In the meantime the men kept working further and further back up the bluff after more stone.   I had my back to them most always.   I couldn't work any other way.   And I would work quite rapidly, and throw up eight or ten shovels full of sand, and then I would pick up some rocks that they had thrown down, and I would riprap the inside of the dike, and then throw up a foot or two of dike, and so on.   I looked on the hill to see what they were doing— what was there.   I could see nothing but small rock that was not of much importance, and nothing to be feared, and while I was engaged with my back to the bluff and to the men on the bluff there was a stone that would weigh from sixty to one hundred pounds came down, and just as it came Mr. Ostrand says, 'Look out,' and I turned my head, and just as I turned my head to look it plunged into the water, and threw the sand and water into my eyes and all over me, and I could not see; so I just put my right foot up on top of the dike, and just commenced to raise my left foot, when the rock caught me right between the dike and crushed my leg.   Mr. Ostrand at this time was standing probably four feet in front of me, about a foot or two to the right of me. · The other two men were probably sixty yards from me upon the bluff.   The wind was blowing, and the water was making quite a noise.   The rocks coming down would make no noise.   Mr. Ostrand was facing the men on the bluff, and there was nothing to obstruct his view.   Where he stood it was just a level and smooth sand bar, the same as where I was, except this dike was between us.   When I went to work, I thought there might be some large stones, after they commenced to

throw them down, and I looked up on the bluff to see if
there was anything there of any size that would be dan-
gerous, and I could see nothing that was large enough to
do any damage; small stones weighing six, eight or ten
pounds, some place along there."

Plaintiff also testified that no warning of any kind had
been given while the men were throwing down small
stones, because no stones of any size had come down, and
there was no occasion for warning.  The foregoing con-
tains the substance of all the evidence of the plaintiff upon
the question of negligence.  At the close of the plaintiff's
case each of the defendants moved the court to discharge
the jury and dismiss the case upon the ground that there
was not sufficient evidence to make out a *prima facie* case.
We think this motion should have been granted.  There
was certainly no evidence that the defendant railway com-
pany was negligent, unless Ostrand, the foreman, was
negligent.  The negligence of Ostrand alleged in the com-
plaint was that he knew of the danger, and failed to
notify plaintiff thereof.  The evidence does not show that
Ostrand knew of the danger prior to his cry of warning,
which was given too late for plaintiff to escape the injury.
It does show that Ostrand was in plain view of the men
on the hill.  It also shows that there was no apparent
danger, and that plaintiff himself had the same oppor-
tunities for seeing and knowing the danger and the charac-
ter of the rocks on the hill side that Ostrand had, and that
no warning had been given, and none was necessary,
because the size of the rocks being rolled down was not
sufficient to make them dangerous.  It is not shown that
Ostrand knew that there were any large or dangerous rocks
within reach of the men on the bluff, or that he had ordered
rocks of this size, or this particular rock, thrown down, or
knew, prior to his warning, that it was coming.  In fact,
plaintiff testified that in the prosecution of the work they

had no use for such a rock. It was no doubt negligence for the man who started the rock to roll it without warning plaintiff or the foreman, and if he had been ordered by the foreman, or if the foreman knew that the men were about to roll down this rock or other rocks of a sufficient size to be dangerous, and plaintiff was not warned thereof, the master would have been liable, under the rule announced in *Nelson v. Willey Steamship & Navigation Co.,* 26 Wash. 548 (67 Pac. 237). But where the evidence shows that the foreman himself did not know of the danger, and had no reason to suspect danger, the negligence alleged was not proven.

But it is said that it was the duty of the foreman to watch the men on the bluff, and warn plaintiff of danger, and that, if he did not see the danger, it was his duty to see it, and he was negligent for that reason. Conceding that implied knowledge may be shown under the allegations of negligence in the complaint, still we think the evidence is not sufficient. If defendants are liable at all, they are liable because of some neglect of duty owing from defendants to plaintiff. It was the duty of the defendants to furnish plaintiff a reasonably safe place in which to work. They were not obliged to guaranty the safety of the place, but they were in duty bound to make a reasonable inspection of the place; and, if that inspection was made, and failed to disclose any danger, there could be no negligence in that respect. Or, if danger was to be apprehended by reason of the men on the bluff rolling stones down, which would endanger the life or limbs of the plaintiff, then it was the duty of the defendants to guard the workmen who could not guard themselves. No danger was apparent in this case, because the rocks suitable for the work were not dangerous as they were thrown down. The plaintiff testified that before he went to work he looked

to see if there were any rocks of any size upon the bluff, and he could see nothing but small stones, not large enough to do any damage. He was a man of experience, having been engaged in this work for two years, and probably as competent to judge of danger as his foreman. His inspection was the inspection of a reasonably careful man. The foreman, no doubt, also inspected the ground in the same way for the same purpose, and saw the same as the plaintiff saw, and came to the same conclusion. The evidence is silent as to what the foreman did in this respect, but it is fair to presume, in the absence of evidence upon the subject, that he made the same inspection, and obtained no more knowledge than was obvious and open to plaintiff. When the danger is not known, and not suspected, and where there are no circumstances which would cause a reasonably careful man to investigate and ascertain the danger, the law will not impute knowledge of danger where the knowledge is not shown in fact. When reasonably careful men conduct their business in a reasonably careful manner, there is no negligence. The evidence in this case shows that Ostrand had no reason to believe that there were any dangerous rocks on the bluff, and certainly there was no evidence tending to show that he knew, or should have known, that one of the men on the bluff would find a large, dangerous, hidden rock, unsuitable for the work in hand, and roll it down upon plaintiff without orders and without warning. If there was in fact any negligence, it was the negligence of a fellow servant, for whose acts the defendants are not liable.

The court below should have sustained defendants' motion. For this reason the cause is reversed, and ordered dismissed.

FULLERTON, C. J., and DUNBAR and ANDERS, JJ., concur.