## FRANK WALSON v. DAVID McGREGOR and Others.[1]

January 10, 1913.

Nos. 17, 1770-(131).

**Control of construction train — fellow servants under law of Washington — contributory negligence.**

Plaintiff, a brakeman on a train consisting of an engine and dump cars used by defendants in construction work in the state of Washington, was injured by the derailment of the train. One of the charges of negligence was that the engineer operated the train at an excessive rate of speed, thus causing the accident. It is *held:*

1. Under the law of Washington, as proved by the decisions of the highest court of that state received in evidence at the trial, the engineer and plaintiff were not fellow servants, if the engineer was in control of the train and vested with authority to control the movements and its rate of speed.

2. The evidence was sufficient to warrant submitting to the jury the question whether the engineer was so in control of the train, and to sustain a verdict that he was.

[1] Reported in 139 N. W. 353.

---

Note.—The conflict of laws as to fellow-servant rule is the topic of a note in 56 L.R.A. 219.

3. It was not conclusively shown that plaintiff was guilty of contributory negligence, and the verdict is sustained by the evidence on this point.

Action in the district court for Benton county to recover $20,000 for personal injuries. The substance of the pleadings will be found in the third paragraph of the opinion. The case was tried before Taylor, J., and a jury which rendered a verdict for $1,750 in favor of plaintiff. From an order denying a new trial, defendants appealed. Affirmed.

J. D. Sullivan, for appellants.

Samuel A. Anderson and Harry J. West, for respondent.

BUNN, J.

This is a personal injury action, in which plaintiff recovered a verdict. Defendants appealed from an order refusing a new trial.

The facts necessary to understand the questions raised by the assignments of error are as follows:

Defendants, a copartnership, were engaged in railroad construction work in the state of Washington. They operated a steam shovel, and used dump cars hauled by "dinkey" engines to convey the earth from the pit over temporary tracks to the dump. There were two trains of these dump cars, each hauled by an engine. Plaintiff was a brakeman on one of the trains, and it was his duty to give signals to the engineer as to starting and stopping the train. The engineer had sole charge of the engine, and was fireman as well as engineer. He and the brakeman constituted the crew, there being no conductor. The brakeman sometimes rode on the engine, and sometimes on the loaded or empty cars, as suited his convenience in the performance of his duties. At the time of the accident, the engine, as it was hauling the cars from the dump to be reloaded at the pit, became derailed, and plaintiff, who was riding on the footboard, received the injuries complained of.

In the complaint three grounds of negligence were alleged: (1) Defective condition of the engine; (2) improper condition of the

track at the point where the derailment occurred; and (3) negligence of the engineer in running his engine at an unusual and excessive rate of speed. It was alleged that under the common law of the state of Washington, as interpreted by the decisions of the highest court in that state, the engineer and plaintiff were not fellow servants, but that the former was a vice principal, and that defendants were responsible for his negligent acts or omissions. The answer denied any negligence in respect to the condition of the engine or the track, alleged that plaintiff and the engineer were fellow servants, and that plaintiff was guilty of negligence in riding on the footboard of the engine.

The case was submitted to the jury on all three grounds of negligence. No claim is made here in relation to the issues of unsafe track or engine. Defendant's contentions on this appeal are: (1) That, under the law of Washington, plaintiff and the engineer were fellow servants; (2) that plaintiff was guilty of contributory negligence as a matter of law.

1. If defendants are correct in their contention that under the common or decision law of Washington plaintiff and the engineer were fellow servants, the trial court erred in submitting this ground of liability to the jury, as it is clear that under our decisions declaring the law on the subject plaintiff and the engineer were fellow servants. If, however, the accident occurring in Washington, the law of that state would sustain a recovery by plaintiff for the negligence of the engineer, it was not error to submit this issue to the jury. Plaintiff introduced in evidence, to prove the law of Washington, the following decisions of the Supreme Court of that state: Hammarberg v. St. Paul, 19 Wash. 537, 53 Pac. 727; Howe v. Northern Pacific, 30 Wash. 569, 70 Pac. 1100, 60 L.R.A. 949; Grout v. Tacoma, 33 Wash. 524, 74 Pac. 665; Morrison v. Northern Pacific, 34 Wash. 70, 74 Pac. 1064; Mullin v. Northern Pacific, 38 Wash. 550, 80 Pac. 814; Durante v. Great Northern, 64 Wash. 395, 116 Pac. 870. Defendants offered no evidence on the subject.

The trial court instructed the jury as follows:

"If the engineer was in control of the train, and vested by the

defendants with authority to control its movements and the rate of speed, and the engineer negligently ran the train at an excessive and dangerous rate of speed, the defendants are responsible for such negligence on the part of the engineer. But, if the engineer was not vested with authority to control the movements of the train, and to determine the rate of speed at which it should be operated, and if the authority to control such movements and to determine such rate of speed was exercised by some one else, as by the brakeman, or by Mr. McGregor, then the defendants are not responsible for any negligence on the part of the engineer."

We think that the decisions received in evidence declare the law of Washington as stated in the above instruction. It is the controlling and directing power and authority given by defendants to the engineer which determines whether he is the alter ego of defendants, or a fellow servant of the brakeman. If the engineer was in control of his train to such an extent that he was permitted to order its movements, he was a vice principal. Morrison v. Northern Pacific, supra. In that case it was held that an engineer of a train which collided with another train upon which the plaintiff was a brakeman was not necessarily a fellow servant of the brakeman. In Grout v. Tacoma, supra, it was held that a brakeman and a conductor on a construction train were not fellow servants. In all the cases received in evidence, the doctrine of "controlling influence" is applied.

We are asked to consider certain decisions of the supreme court of Washington that were not received or offered in evidence at the trial, not as evidence of the law of Washington, but as bearing upon the legal interpretation of the decisions in evidence. We do not think we can consider these decisions for any purpose.

2. Defendants urge that there was no evidence that the engineer was in control of the train, so as to make him a vice principal under the Washington decisions. But an examination of the record convinces us that this question was for the jury. Certainly the engineer had sole control of the train as far as the question of speed was concerned. The brakeman had no voice in the management of the engine or the train, except that he gave signals to start and stop.

He was not a conductor. We conclude that this question was for the jury, that it was properly submitted in the charge, and that the evidence sustains the verdict on this point.

3. We are unable to hold that it was contributory negligence as a matter of law for plaintiff to ride on the footboard of the engine. The evidence tended to show a custom of riding upon these footboards, and whether plaintiff had been instructed not to so ride was a question upon which the evidence was in conflict. We cannot say that it was so dangerous as to conclusively show want of ordinary care on the part of the brakeman engaged in the performance of his duties. We hold, also, that the evidence fairly sustains the verdict finding that plaintiff was not negligent.

Order affirmed.

Heard before HALLAM, J., took his seat.