[No. 10615. Department One. January 18, 1913.]

JOE GASOF, *Respondent*, v. STANDARD ICE COMPANY *et al.*, *Appellants*.[1]

MASTER AND SERVANT—INJURY TO THIRD PERSONS—NEGLIGENCE. Where a contractor on street work knew that persons were working in an excavation near the street line, he is liable for injuries caused by his servants' negligence in placing a rock where it rolled down and injured a man rightfully at work in the cut.

TRIAL—ISSUES AND PROOF—INSTRUCTIONS. Upon an issue as to whether defendant had notice of work going on in a cut near the street line under a city permit, the jury may take into consideration the fact that a permit had been issued for such work, where there was evidence that the defendant had seen the permit, and had inspected the work, and urged its completion; since the permit was one item in the line of circumstances tending to show notice.

[1]Reported in 129 Pac. 101.

DAMAGES—PERSONAL INJURIES—EXCESSIVE VERDICT. A verdict for
$1,000 is not excessive where plaintiff was severely injured by being
struck by a boulder, two ribs were broken and he suffered other
bruises.

MASTER AND SERVANT—SAFE PLACE—NEGLIGENCE. An employer is
not liable to a servant working in an excavation, and injured
through the negligence of servants of another employer, working
in a street above, in plowing up and rolling a boulder down into
the excavation, where there was nothing to indicate that there was
any danger from falling objects.

Appeal from a judgment of the superior court for King
county, Gilliam, J., entered March 27, 1912, upon the ver-
dict of a jury rendered in favor of the plaintiff, in an action
for personal injuries sustained by a common laborer employ-
ed in excavation. Affirmed in part and reversed in part.

*Ballinger, Battle, Hulbert & Shorts,* for appellant Stand-
ard Ice Company.

*John W. Roberts,* for appellant McLellan.

*James Kiefer,* for respondent.

MOUNT, J.—Action for personal injuries. The plaintiff
recovered a judgment upon the verdict of a jury for $1,000
against the two defendants to this action. The defendants
have appealed separately. The facts are as follows: De-
fendant McLellan had a contract with the city of Seattle to
grade Elliott avenue, running in a northly and southerly
direction. Cedar street, running easterly and westerly, in-
tersects Elliott avenue at right angles. At the point of in-
tersection to the westerly of Elliott avenue there was an
abrupt declivity, so that Cedar street westerly of the avenue
was impassable for vehicles, and was used by pedestrians only
by means of a stairway. The defendant Standard Ice Com-
pany had constructed buildings upon the west side of Elliott
avenue. These buildings occupied a part of Cedar street.
They were considerably below the grade of Elliott avenue. In
order to protect these buildings, the ice company intended to,
and did, build a concrete retaining wall in front of their

buildings below the street grade. In order to do this work it was necessary to excavate in the street. The ice company obtained from the city permission to construct this retaining wall, or area way, as it was called in the permit, in front of its property, in accordance with plans and specifications submitted to the city authorities. The ice company then proceeded to make an excavation in the side hill on the westerly side of Elliott avenue and immediately to the east of their buildings. This excavation was six or eight feet in width, and about sixteen feet in depth on the wall next to the street. It extended upon Elliott avenue and across Cedar street on the west side of that avenue. The plaintiff was employed by the ice company as a common laborer, wheeling dirt out of this excavation to the westerly.

The defendant McLellan knew that the work was being done, and urged the ice company to complete the work so that he could finish grading the avenue. His men had been engaged for a day or two plowing and scraping upon Elliott avenue, upon the east side of the avenue opposite to where the ice company were making the cut as above stated. While two of Mr. McLellan's employees were plowing about the center of the avenue, they turned up a large angular rock or boulder. These men attempted to roll this rock out of the way of the plow and place it upon a ridge between where they were plowing and the cut being made by the ice company. While attempting to do this, the rock got beyond their control and rolled down the sloping ground to the cut, and dropped upon the plaintiff, who was working there, and injured him.

The appellant McLellan argues that the court erred in submitting the case to the jury, because there was no sufficient evidence of negligence of this appellant. There was evidence to the effect that defendant McLellan knew that the ice company was making the excavation, and that the men were working therein. There was also evidence to the effect that the servants of McLellan carelessly placed the

rock or permitted it to roll down into the excavation. This clearly made a case to go to the jury as against McLellan; for if he knew that men were working in the cut, or should have known it, he was liable for his servants' carelessness in conducting their work so as to injure one who was rightfully in the cut.

During the trial, the defendant Standard Ice Company introduced in evidence a permit from the city to build the area wall between these buildings and the street according to plans and specifications approved by the city. This area wall was to be constructed near the street line, on the west side of Elliott avenue and across Cedar street.

In the course of the instructions to the jury, the court gave the following:

"Evidence of a permit is immaterial in this case except in so far as it may be considered by you in determining whether or not the defendant McLellan knew, or by the exercise of reasonable care should have known, that plaintiff was working in the trench in question. Of course the mere fact that the man was working down there without a permit would not justify the defendant in this case to be negligent to him. They should take that degree of care which they would take if he had a permit. So you are entitled to consider, then, whether or not the defendant McLellan knew, or should have known, that the men were working in that trench."

It is argued by the appellant McLellan that this instruction is erroneous, because it tells the jury that this permit was evidence of notice to McLellan that the plaintiff was working in the excavation, and was therefore prejudicial. The instruction is not so pointed as that. It simply says the jury may consider the permit in determining whether the defendant McLellan in the exercise of reasonable care, should have known of the fact that plaintiff was working in the trench. It was admitted that McLellan had seen the permit which was posted upon the ice company's building, but he claims that he did not recognize the exact place where the work was to be done under the permit. There was also evidence that he had

seen the work being done.   The permit itself, and the fact
that McLellan had seen it, may not have been sufficient evi-
dence of notice that the ice company had men working there
at this particular time.   But the fact that the permit was
posted and seen by him was sufficient to put him upon in-
quiry, and that, together with the showing that he after-
wards examined the progress of the work and urged the
ice company to complete the work, were facts which the
jury had a right to consider in determining the question
of notice.   The permit itself when posted was but one item
in the line of circumstances tending to show notice, and
the court therefore was right in informing the jury that
they might consider it in determining the question of notice.

The appellant McLellan also argues that the judgment
is excessive.   The judgment was for $1,000.   The plaintiff
was severely injured.   He had two of his ribs broken and
suffered from other bruises.   We think the amount awarded
is not so excessive as to justify a reduction by us.

The appellant  Standard Ice Company contends that the
court erred in not directing a verdict in its favor.   We are
satisfied that this position is well taken.   It is claimed that
the ice company was negligent in not furnishing the plaintiff
a safe place in which to work.   We find nothing in the record
to indicate that dangers such as this might have been fore-
seen.   There was no evidence that there were rocks and other
dangerous objects above which were likely to roll down upon
the plaintiff.   If the place was unsafe, it became so only
by the negligent act of the employees of Mr. McLellan, for
whose acts the ice company was not responsible.   The plain-
tiff in order to hold the ice company relies upon the rule laid
down in *Richardson v. Spokane,* 67 Wash. 621, 122 Pac. 330.
In that case an injured employee and the persons causing the
injury were in the employment of the same master, and we
held that it was the duty of the master to protect employees
sent to a dangerous place against the danger of falling
objects, where the dangers were created by the master with-

out notice to the servant, after he had been sent into the dangerous place. That case is therefore readily distinguishable by that fact. If the ice company had negligently sent a workman upon the street where he was likely to injure the plaintiff, this case would then be controlled by the *Richardson* case; but such is not the fact. The place where the ice company sent the plaintiff was reasonably safe. The appellant McLellan sent the men upon the street. They plowed up a hidden rock, and their negligence caused the rock to roll down upon the plaintiff.

"A master is not as a rule liable for injuries to his servants caused by the acts or omissions of third persons over whom he has no control." 26 Cyc. 1090.

In *Wilson v. Northern Pac. R. Co.*, 31 Wash. 67, 71 Pac. 713, we said:

"When the danger is not known, and not suspected, and where there are no circumstances which would cause a reasonably careful man to investigate and ascertain the danger, the law will not impute knowledge of danger where the knowledge is not shown in fact."

The respondent argues that it was the duty of the ice company to place some guard around the top of the excavation in order to keep dangerous substances from rolling into the excavation; and that, if this had been done, the injury would not have occurred. The evidence did not show that there were in sight any rocks or other dangerous substances which were likely to roll down into the excavation. The contrary appeared. The place was apparently safe. There was nothing to indicate that dangers would result from that source, and it cannot be held that the ice company was required to anticipate dangers which could not be foreseen and which might be caused by some intervening responsible agency. We are satisfied, therefore, that no negligence was shown against the ice company. The cause as to it should be dismissed. It is so ordered.

The judgment is affirmed against the appellant McLellan, and reversed as to the Standard Ice Company; the latter to recover its costs against respondent.

CROW, C. J., CHADWICK, PARKER, and GOSE, JJ., concur.